UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MELANIE WEINTRAUB,<br><br>    Plaintiff,<br><br>    v.<br><br>BARTON J. MUNRO, JR.,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)   Civil Action No. _____<br>)<br>)<br>)<br>)<br>)<br>) |

COMPLAINT

Introduction

By this action, plaintiff Melanie Weintraub ("M. Weintraub") seeks a declaratory judgment pursuant to 28 U.S.C. §2201 that she is the sole owner of Service United States Corporation ("SERVUS" or the Company), a Massachusetts corporation, and that former SERVUS employee, defendant Barton J. Munro, Jr. ("Munro"), does not own 50% of SERVUS. Munro has asserted repeatedly to M. Weintraub that he owns a 50% interest in the Company and has threatened to pursue legal action to protect his alleged ownership rights. But M. Weintraub is the sole owner of SERVUS; she inherited the ownership of SERVUS from her father, Robert Weintraub ("R. Weintraub"), following his untimely death in September of 2019. R. Weintraub never transferred any ownership interest in SERVUS to Munro and Munro never acquired or purchased any interest in SERVUS. Accordingly, an actual and justiciable case or controversy exists between the parties and M. Weintraub asks that the Court enter a judgment declaring her ownership rights.

Parties

1. Plaintiff M. Weintraub is an individual residing at 220 Water Street, Brooklyn, New York 11201.

2. Defendant Munro is an individual residing at 34 Choate Lane, Ipswich, MA 01938.

Jurisdiction and Venue

3. This Court has diversity jurisdiction under 28 U.S.C. §1332.  M. Weintraub resides in the State of New York.  Munro resides in the Commonwealth of Massachusetts.  The amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

4. Munro is subject to the personal jurisdiction of this Court as he resides in the Commonwealth of Massachusetts.

5. Venue is proper in this Court pursuant to 28 U.S.C. 1391(b)(1) as Munro resides in this judicial district.

Facts

6. SERVUS is in the business of providing commercial janitorial services in Massachusetts.

7. SERVUS was incorporated as a Massachusetts corporation on February 17, 2012.

8. As of the date of incorporation in Massachusetts, R. Weintraub and Kevin O'Flaherty ("O'Flaherty"), each owned 50% of SERVUS.

9. R. Weintraub's father, Aaron Weintraub, and O'Flaherty were founders of Advanced Janitorial Services, Inc., a predecessor-in-interest to SERVUS, in 1977.

10. Effective March 31, 2015, following the execution of an Equity Transfer, Resignation and Release Agreement with O'Flaherty ("ETRR Agreement"), R. Weintraub became the sole owner of SERVUS.

11. Following the ETRR Agreement, he also became the sole Director and President of SERVUS.

12. R. Weintraub hired Munro to work at SERVUS in or about April of 2015 to assist in developing sales.

13. R. Weintraub and Munro entered into discussions concerning Munro's potential acquisition of an ownership interest in SERVUS.

14. These discussions were never concluded.

15. R. Weintraub and Munro did not reach an agreement concerning Munro's acquisition of an ownership interest in SERVUS.

16. Munro never acquired an interest in SERVUS.

17. R. Weintraub passed away unexpectedly on September 28, 2019.

18. Under the Last Will & Testament of R. Weintraub dated February 8, 2012 ("Will"), R. Weintraub's ownership of SERVUS passed to the Robert M. Weintraub Living Trust, as Restated on February 8, 2012 ("Trust").

19. M. Weintraub exercised her option under the Trust to accept ownership of SERVUS.

20. M. Weintraub thereby became the sole owner of SERVUS.

21. Pursuant to Consent Votes, M. Weintraub also became the sole Director and President of SERVUS.

22. Munro has repeatedly asserted, falsely, to M. Weintraub that he owns 50% of SERVUS.

23. Munro has repeatedly asserted, falsely, that he is a "co-President" of SERVUS and has held himself out as President of SERVUS.

24. Munro has refused to abide by M. Weintraub's directives with regard to the management and operations of the Company.

25. Munro has ignored, or refused to comply with, M. Weintraub's requests for information concerning Company operations.

26. Munro's unauthorized actions have led to confusion among SERVUS employees, customers and vendors.

27. Munro has not fulfilled his role of developing sales for SERVUS.

28. R. Weintraub brought in approximately 90% of SERVUS' current customers.

29. On November 12, 2020, M. Weintraub terminated Munro's employment with SERVUS.

30. While an appraisal of SERVUS has not been completed, the Company has annual sales in excess of $6,000,000.00 over the past two years, cash reserves in excess of $800,000.00 and an equity balance of $1,800,000.00.

COUNT I
(Declaratory Judgment Pursuant to 28 U.S.C. §2201)

31. M. Weintraub realleges and incorporates herein by reference the allegations set forth in ¶¶1-30 above.

32. Because Munro asserts that he owns 50% of SERVUS, an actual and justiciable case or controversy has arisen between the parties.

33. M. Weintraub asks that the Court issue a judgment declaring that Munro is not an owner of SERVUS.

WHEREFORE, M. Weintraub prays that this Court:

A. Enter a declaratory judgment that M. Weintraub owns 100% of SERVUS and that Munro is not an owner of SERVUS; and

B. Enter such other relief, including reasonable attorneys' fees and costs, as this Court deems just and appropriate.

Respectfully submitted,

MELANIE WEINTRAUB,

By her attorneys,

*/s/ Juliet A. Davison*
Juliet A. Davison (BBO# 562289)
Davison Law, LLC
P.O. Box 301087
Boston, MA 02130
(617) 345-9990
juliet@davisonlawllc.com

Dated: November 13, 2020